# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SHAWN R. HILL | |
| --- | --- |
| **Petitioner,** | |
| v. | CIVIL ACTION NO. 17-1076 |
| TAMMY FERGUSON, *et al.* | |
| **Respondents.** | |

## ORDER

Petitioner, who is proceeding *pro se*, seeks relief in this Court pursuant to 28 U.S.C. § 2254, arguing that his state-court conviction was imposed in violation of the United States Constitution. The Petition was referred to Magistrate Judge Elizabeth T. Hey, who has issued a Report and Recommendation ("R&R") that the petition be denied. Petitioner has filed objections to the R&R. Upon careful, *de novo* review of the record, the Court determines that Petitioner has not shown entitlement to relief, and agrees with the thorough R&R that Petitioner has failed to overcome the hurdle of the deference afforded to state courts.[1]

After a bench trial in the Philadelphia Court of Common Pleas, Petitioner was convicted of first-degree murder, conspiracy, attempted murder, and related offenses, from an incident that

---

[1] Where the claims presented in a federal habeas petition have been decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state court:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established law if the state court applies a rule of law that differs from the governing rule set forth in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). The application of clearly established law must be "objectively unreasonable." *Id.* at 75 (citation omitted).

involved multiple shooters and resulted in the death of one person and serious injuries to two others. The background is fully set forth in the R&R, and is adopted here. Petitioner raises several arguments in his objections, most of which are tied to his contention that the Commonwealth failed to have bullets or bullet fragments from the surviving shooting victims made available for ballistics testing, claiming that such testing would have shown that the bullets came from a .380 caliber firearm that was recovered at the scene and which did not contain Petitioner's fingerprints or DNA, but did contain material linked to other individuals.[2]

Petitioner argues that the failure to test the bullets or bullet fragments violated the Supreme Court's decision in *Brady v. Maryland*, which held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."[3] To establish a *Brady* claim, the evidence "(1) must be favorable to the accused, either because it is exculpatory, or because it is impeaching, (2) must have been suppressed by the State, either willfully or inadvertently, and (3) must have been material such that prejudice resulted from its suppression."[4]

This issue was raised in the trial court as a claim of prosecutorial misconduct, and the trial court held that witnesses saw Petitioner shoot the victims, that the bullets or fragments thereof were removed from one of the surviving victims months after the shooting, and that the Commonwealth had no obligation to "chase down" any ballistics evidence surgically removed

---

[2] Police also recovered at the scene numerous .380 and nine millimeter fired cartridge casings, which indicated that the .380 weapon and two nine millimeter guns had been fired. Trial Ct. Op. of July 17, 2014, at 6-7.

[3] 373 U.S. 83, 87 (1963).

[4] *Dennis v. Sec'y, Dep't of Corr.*, 834 F.3d 263, 284 (3d Cir. 2016) (en banc) (internal quotation marks citations omitted).

months after the shooting.[5] Petitioner takes issue with the trial court's statement as to Petitioner's argument that the bullets or bullet fragments would have matched the .380 weapon, that "[a]ssuming *arguendo* that this was the case, all that would establish is that [one of the victims] was shot with that .380, which has not been tied to decedent," and that the presence of another's fingerprints and DNA on the gun did not "mean it was impossible that the defendant used the gun as well."[6] According to Petitioner, if the bullets were tied to that gun it would conclusively establish his innocence. The Court understands this is Petitioner's contention, but even if this claim were exhausted (which as the R&R explains it was not), all that it demonstrates is Petitioner's disagreement with the trial court's assessment of the evidence, to which this Court must accord full deference under § 2254.[7] The trial court credited the testimony of numerous eyewitnesses identifying Petitioner, and placed special weight on a disinterested witness who was not part of the dispute that preceded the shootings.[8]

The record shows that the trial judge, sitting without a jury, was aware that the parties had stipulated that Petitioner's DNA and fingerprints were not on the recovered .380 weapon, and that there was no evidence of the bullets or bullet fragments removed from the surviving victims, when it found Petitioner guilty of murder on a conspiracy theory and guilty of attempted murder based on the eyewitness testimony. The decision was affirmed on direct appeal and after post-conviction proceedings. Petitioner has not shown that the Commonwealth ever had possession or knowledge of the surgical removal of the potential evidence, and has not shown

---

[5] Trial Ct. Op. of July 17, 2014, at 11-13. The trial court refers to the later surgery of one of the surviving victims; Petitioner appears to argue that both surviving victims underwent surgery months after the shooting. Even if Petitioner is correct, this does not change the analysis.

[6] *Id.* at 12.

[7] *Abdul-Salaam v. Sec'y, Pa. Dep't of Corr.*, 895 F.3d 254, 269–70 (3d Cir. 2018).

[8] Trial Ct. Op. of July 17, 2014, at 11.

3

that "use of the [evidence] by defense counsel at trial would have resulted in a different outcome at trial."[9] After careful review of the record, the Court cannot hold that the state courts unreasonably applied federal law in rejecting Petitioner's claims.

Finally, Petitioner argues that the prosecutor committed misconduct in closing arguments by contradicting the opening statement as to conspiracy. As explained in the R&R, this claim is unexhausted and procedurally defaulted, and therefore not reviewable.

**AND NOW,** this 3rd day of September 2019, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the R&R of United States Magistrate Judge Elizabeth T. Hey, and the objections thereto, and for the reasons stated above, it is hereby **ORDERED** that:

1. The Objections [Doc. No. 34] are **OVERRULED** and the request for appointment of counsel is **DENIED**;

2. The R&R [Doc. No. 32] is **APPROVED** and **ADOPTED**;

3. Plaintiff's Motion to Lift Stay [Doc. No. 25] is **DISMISSED AS MOOT**;

4. Petitioner's Motion for Discovery [Doc. No. 26] is **DENIED**; and

5. The Petition will be dismissed by separate Order.

It is so **ORDERED**.

BY THE COURT:
/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

---

[9] *Dennis*, 834 F.3d at 302. Contrary to Petitioner's argument, this is not a situation where the ruling was based on the information being available to defense counsel through the exercise of diligence as defense counsel would not have had access to recovered bullets or fragments; the issue is that there is no evidence that the bullets were suppressed, because there is no evidence that the Commonwealth was even notified when the bullets or fragments were surgically removed months after the shootings. Also, although Petitioner objects to the reference to "bullet fragments" instead of "bullets" in the R&R, he cannot dispute that, as the R&R concluded, the evidence shows that at the time of the shooting, hospital personnel turned over the surviving victims' clothing to police, but the property receipt made no mention of bullets or bullet fragments. R&R [Doc. No. 32] at 18-19.