IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN HILL,<br>    Petitioner, | :<br>:<br>: |
|         v. | :   CIVIL ACTION NO. 17-CV-1076<br>: |
| JAY LANE, *et al.*,<br>    Respondents. | :<br>: |

**MEMORANDUM**

**RUFE, J.**                                                                                   **FEBRUARY 21, 2023**

*Pro se* Petitioner Shawn Hill, a prisoner in state custody serving a mandatory life sentence for murder and lesser terms of imprisonment on other charges, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b).[1] Hill seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.     BACKGROUND**

The procedural history and factual background of Hill's conviction is fully set forth in the Report and Recommendation ("R&R") prepared by Magistrate Judge Elizabeth T. Hey, which this Court adopted in approving the R&R.[2] Accordingly, the Court outlines only the information necessary to place the pending Motion in context. After completing his direct appeal and proceedings under the Pennsylvania Post Conviction Relief Act ("PCRA"), in which Hill raised a claim pursuant to *Brady v. Maryland*,[3] Hill filed his federal habeas petition raising the *Brady*

---

[1] *See* ECF No. 46.

[2] ECF Nos. 32, 36.

[3] 373 U.S. 83 (1963).

claim as well as claims of trial court error involving DNA and fingerprint analyses, ballistics evidence, and a claim of prosecutorial misconduct.[4]  The R&R determined that the *Brady* claim was exhausted, reviewed the law applicable to the *Brady* claims under the AEDPA standard, and concluded that the state court's decision was neither contrary to nor an unreasonable application of *Brady* and its progeny.[5]  Specifically, the R&R found that there was nothing in the state court record to indicate that bullet fragments extracted from Hill's surviving victims were provided to the police and suppressed by the Commonwealth.  Therefore, there was no way to determine whether meaningful ballistics analysis of the alleged fragments would have been possible or whether such analysis would have been exculpatory.[6]  Moreover, even if the bullet fragments existed, they would not have been exculpatory, nor would they have impeached any of the Commonwealth's evidence because no ballistics evidence directly incriminated Hill and the trial court convicted Hill based on the testimony of numerous eyewitnesses.[7]  The Court overruled Hill's objections and adopted the Report and Recommendation by Order filed on September 4,

---

[4] ECF No. 32 at 9.

[5] *Id*. at 15-18 (citing *Dennis v. Sec'y*, 834 F. 3d 263 (3d Cir. 2016) ("The focus [in considering a *Brady* claim] is disclosure by the prosecutor, not diligence by the defense.").  The Pennsylvania Superior Court had determined that Hill failed to establish that there was ballistics evidence that was favorable to him, that such evidence was suppressed by the Commonwealth, and that prejudice ensued, stating "[m]ost glaringly, [Hill] points to nothing in the record that proves the Commonwealth suppressed evidence.  Instead, [Hill] notes that the Commonwealth 'presumably' had the medical records of the victims . . . and 'presumably had knowledge that the projectiles were removed from their bodies.'  [Hill] cannot meet his burden with unsupported presumptions.  Furthermore, as no ballistics evidence offered at trial incriminated [Hill], the missing evidence was not material, because no testing on the bullets removed from the victims could have exculpated [him] or impeached the Commonwealth's evidence against him."  ECF No. at 16 (quoting state court record).

[6] ECF No. 32 at 18.

[7] *Id*. at 19.  The R&R determined that the other claims were unexhausted and procedurally defaulted.  *Id*. at 22-31.  Hill's Rule 60(b) Motion is not directed to any of these claims.

2019, and declined to issue a certificate of appealability.[8] The Court of Appeals for the Third Circuit denied Hill a certificate of appealability on April 27, 2020.[9]

In the current Motion, Hill seeks relief pursuant to Rule 60(b). He asserts that the resolution of the *Brady* claim should be set aside based on the decision of the United States Court of Appeals for the Third Circuit in *Bracey v. Superintendent Rockview SCI*.[10] Specifically, Hill argues that he should be permitted to revisit the issue of whether the state court's resolution of whether the Commonwealth illegally suppressed ballistics evidence was proper.[11]

II. **LEGAL STANDARDS**

A. **Federal Rule of Civil Procedure 60**

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[12]

Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion

---

[8] ECF Nos. 36, 37.

[9] ECF No. 45. In denying the certificate of appealability, the Third Circuit stated, *inter alia*, that "Hill's first claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), is meritless for substantially the reasons discussed in the Magistrate Judge's report." *Id.* at 1.

[10] 986 F.3d 274 (3d Cir. 2021). *See* ECF No. 46 at 1. The Court adopts the pagination supplied by the CM/ECF docketing system.

[11] ECF No. 46 at 9-12.

[12] Fed. R. Civ. P. 60(b).

is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.[13]

### B. Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.[14] Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.[15] A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.[16]

In *Gonzalez v. Crosby*, the United States Supreme Court addressed the circumstances in which a motion filed as under Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas

---

[13] Fed. R. Civ. P. 60(c).

[14] 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (*per curiam*).

[15] *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).

[16] Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

relief.[17]  It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)).  "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532.  "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.*  The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted).  Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

## III.    DISCUSSION

Under 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition filed as a Rule 60(b) Motion, the threshold question before the Court is whether Hill's Rule 60(b) motion is a true Rule 60(b) motion, or, in

---

[17] 545 U.S. 524 (2005). "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Id.* at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

reality, a successive habeas petition. Here, Hill's *Brady* claim was adjudicated on the merits under the AEDPA standard and therefore is not properly brought under Rule 60(b).

Hill's arguments regarding *Bracey* do not alter this result. In *Bracey*, the Third Circuit evaluated an appeal based on the statutory limitation that requires a petitioner attacking his state conviction to file his habeas petition in federal court within one year of the date on which the "factual predicate of the claim" could have been "discovered through the exercise of due diligence."[18] The decision focuses squarely on what due diligence a petitioner must be required to undertake in regard to the discovery of evidence for a *Brady* violation.

Bracey's initial federal habeas petition asserting *Brady* claims based on allegedly withheld material exculpatory evidence was dismissed as untimely under 28 U.S.C. § 2244(d)(1)(D).[19] The district court found that the allegedly exculpatory evidence was a matter of public record that petitioner could have discovered through the exercise of due diligence and more than one year had passed since the factual predicate for the *Brady* claim could have been discovered.[20] However, in 2016, the Third Circuit ruled in *Dennis* that a defendant does not have a duty to search public records for undisclosed *Brady* material because *Brady* is an affirmative duty for the prosecution to disclose information and allows defendants to presume the government will fulfill that obligation.[21] After the ruling in *Dennis*, Bracey moved for reconsideration under Rule 60(b), alleging that since the ruling made clear "'there is no due diligence requir[e]ment under *Brady* for defendants to discover impeachment material and it is stric[t]ly the duty of the prosecutor to provide this information,' § 2244(d)(1)(D) does not require

---

[18] *Bracey*, 986 F.3d at 278 (citing 28 U.S.C. § 2244(d)(1)(D)).

[19] *Id*. at 280.

[20] *Id.*

[21] *See Dennis*, 834 F.3d at 289-91.

6

petitioners in his position to undertake efforts to find exculpatory material."[22] The court reasoned that the due diligence requirement is a highly context-specific analysis that involves an assessment of what the petitioner reasonably would have expected from investigative efforts.[23] The court determined that its decision in *Dennis* constituted a material change in the decisional law with respect to the reasonable expectations of a petitioner in Bracey's position and thus shifted the ground on which Bracey's habeas petition was dismissed.[24] The Third Circuit ultimately concluded that "[a] petitioner's failure to search for *Brady* material of which he is unaware and which he is entitled to presume is non-existent does not fall short of the diligence required by § 2244(d)(1)(D)" and that its decision in *Dennis* "changed the relevant decisional law on which the dismissal of Bracey's underlying habeas petition rested."[25] Thus, the district court decision was vacated and remanded for consideration of Bracey's Rule 60(b) motion.[26]

The Third Circuit was clear that the scope of its holding was narrow. First, "[t]he baseline expectations that *Dennis* established for *Brady* claimants in the context of AEDPA's due diligence requirements hold true only where the petitioner has no reasonable basis in fact to be aware of the potential *Brady* material."[27] Second, "[a]nd as far as *Brady* claims go, due diligence requirements remain substantial: If there is a reasonable basis for a petitioner to believe additional investigation will yield undisclosed *Brady* material, that petitioner must investigate or else risk the statutory consequences."[28]

---

[22] *Bracey*, 986 F.3d 280-81.

[23] *Id.* at 288-89.

[24] *Id.* at 291.

[25] *Id.* at 291, 294.

[26] *Id.* at 297.

[27] *Id.* at 294 (internal citation and quotation marks omitted).

[28] *Id.* at 294.

7

Hill's claim does not fall within the scope of *Bracey* because the *Brady* claim in the original habeas petition was not dismissed on procedural grounds as untimely for a failure to exercise due diligence. It was dismissed on its merits because the state court's adjudication of the claim was neither contrary to nor an unreasonable application of *Brady*. Nor does Hill posit that there is *Brady* material in the form of otherwise undisclosed ballistics evidence, regardless of whether he had a reasonable basis to believe additional investigation would disclose it. Thus, the change in decisional law has no effect on the Court's prior ruling dismissing the *Brady* claim on the merits under the AEDPA standard.

Rather than a "true" Rule 60(b) motion, Hill's Motion clearly seeks a new merits determination of his *Brady* claim.[29] His *Bracey* argument, however, is nothing more than a fishing expedition seeking to open the door to discover new evidence notwithstanding the fact that his *Brady* claim was dismissed on the merits because the state court's finding that ballistics evidence would not have been exculpatory was not an unreasonable application of *Brady*. Therefore, the Motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability will be entered.

---

[29] *See* ECF No. 46 at 6 (arguing that, like in *Bracey*, "it is equally apparent [] that the Magistrate and this District Court had misapprehended what a person in [Hill's] position would have 'reasonable expected' about the possibility of wrongfully withheld ballistics – namely, that without any reason for believing the prosecution had failed to comply, [Hill] was entitled to rely on the prosecutor's fulfilling its *Brady* obligation."); *see also id*. at 12 (seeking discovery and an evidentiary hearing).